Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 8298 | DATE | 4/27/2000 |
| CASE TITLE | Kathy A. Rushing vs. Gleeson, Sklar, Saywers & Cumpata | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 31 May 00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss is granted. Counts II, III, IV, V and VII of the plaintiff's complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 5-4-00 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | / Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 27 2000
Judge Harry D. Leinenweber
U. S. District Court

KATHY A. RUSHING,

          Plaintiff,

v.

GLEESON, SKLAR, SAYWERS & CUMPATA,

          Defendant.

Case No. 99 C 8298

Judge Harry D. Leinenweber

DOCKETED
MAY 4 - 2000

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant Gleeson, Sklar, Sawyers & Cumpata's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

In ruling on the defendant's motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all inferences in favor of the plaintiff. Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999).

### BACKGROUND

The defendant hired Rushing on August 19, 1996. Administrative evaluations from August 1996 to April 1997 rated her as above average. On December 19, 1997, she began her maternity leave. She returned to work on March 2, 1998. Upon her return, Rushing was informed that her replacement was permanently assuming Rushing's position. Rushing was demoted to a position with less responsibility and a lower salary. Her working environment became



intolerable to her. She was continually questioned about whom she was speaking with and about the substance of her conversations, and concerns were voiced to her about conversations she was having with other workers. Rushing was avoided and told she was being criticized by her supervisors. As a consequence of her "uncomfortable working environment," Rushing resigned. She alleges that similarly situated employees were treated more favorably.

## **DISCUSSION**

Rushing is suing the defendant for deprivation of "Equal Protection of Federal Civil Rights" and violation of 42 U.S.C. § 2000e-2 (Count I); a violation of the Illinois Constitution (Count II); Intentional Infliction of Emotional Distress or "IIED"; (Count III), Negligent Infliction of Emotional Distress or "NIED"; (Count IV); constructive discharge (Count V); violation of the Family and Medical Leave Act (Count VI); violation of the Pregnancy Discrimination Act of Title VII (Count VII); and violation of the Illinois Human Rights Act or "IHRA" (Count VIII).

The defendant argues that Counts II, III, IV, V, and VII of the Complaint should be dismissed for lack of subject matter jurisdiction because the claims are preempted by the IHRA. 775 ILCS 5/1-101 *et seq.*

In her Response, Rushing agrees that Counts II and VIII are preempted by the IHRA. Therefore, Counts II and VIII are dismissed. The court now turns to Counts III, IV, and V.

The exclusivity provision of the IHRA reads, that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject matter of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(c). The right to be free of discrimination based on pregnancy is considered a civil right. See Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 104 F.3d 1004, 1006 (7th Cir. 1997), 775 ILCS 5/2-102(D)

In Geise v. Phoenix Company of Chicago, 159 Ill.2d 507, 518, 639 N.E.2d 1273, 1277 (1994), the court held that under the exclusivity provision of the IHRA, courts lack jurisdiction over state common law claims which are "inextricably linked" to civil rights claims. In Geise, the court reasoned that because the common law negligent retention and negligent hiring claims "depend on the prohibitions against sexual harassment for their viability," the Counts "must be construed as charging [the defendant] with a 'civil rights violation' within the meaning of the Human Rights Act." Id. at 517, 639 N.E.2d at 1277.

In Maksimovic v. Tsogalis, 177 Ill.2d 511, 513, 687 N.E.2d 21, 21 (1997), the court refined the scope of Geise, holding that the court's jurisdiction over the common law tort claims depends upon whether "the plaintiff has established the necessary elements of each tort independent of any legal duties created by the Act." The issue is whether the IHRA "furnished the legal duty that the defendant was alleged to have breached" in the tort claim. If so,

the court lacks jurisdiction over the tort claim. This court addresses this issue with regards to the challenged Counts of Rushing's Complaint for IIED, NIED, and constructive discharge.

Rushing argues that she experienced harassment and abusive conduct that were separate and independent from the pregnancy discrimination that she suffered. She argues that "while her claims for sexual harassment involve her demotion upon her return to work, the employer's horrendous treatment of the plaintiff upon her return to work constituted independent bases for the infliction of emotional distress." Pl. Resp. at 3. The facts of this case contrast with Soodmand, v. Wildman, Harrold, Allen & Dixon, No. 95 C 3834, 1997 WL 260415, *2 (N.D. Ill. Nov. 7, 1997), another case in which the plaintiff included state law tort claims with claims of pregnancy discrimination. In Soodmand, the employer's allegedly emotionally distressing conduct consisted of terminating the plaintiff over the phone while the plaintiff was pregnant and restricted to bed rest. Id. The Soodmand court held that the IIED claim was inextricably linked to pregnancy discrimination and preempted by the IHRA. Id. At first blush, Rushing seems to state "an independent state law claim," therefore, the court addresses whether she has alleged the elements of each cause of action independent of the legal duties created by the IHRA. Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir 2000).

A plaintiff has stated a claim for IIED when she sufficiently alleges that, "[t]he defendant's conduct is extreme and outrageous,

causing the plaintiff severe emotional distress such that defendant knew that his acts would be substantially certain to cause severe emotional distress." Grey v. First National Bank of Chicago, 169 Ill.App.3d 936, 942, 523 N.E.2d 1138, 1143 (1988).

In Brackett v. Galesburg Clinic Assoc., 293 Ill.App.3d 867, 871, 689 N.E.2d 406, 409, (1997), the court stated that IIED "does not arise from threats, insults, indignities, annoyances, or petty oppressions, but coercion, abuse of power or authority, and harassment. The conduct must go beyond all bounds of decency and be considered intolerable in a civilized community." (internal citations omitted).

For the following reasons, Rushing does not even reach the threshold of alleging that the defendants' conduct was sufficiently "extreme and outrageous." Grey at 942, 523 N.E.2d at 1143. First, the emotionally distressing conduct alleged by Rushing includes talking, criticizing, monitoring, avoidance, questioning, and voicing concerns about her. Her allegations fall into the category of "indignities" and "annoyances" rather than the category which would "be considered beyond all bounds of decency." Brackett at 871, 689 N.E.2d at 409.

Second, "in the absence of conduct calculated to coerce an employee to do something illegal, courts have generally declined to find an employer's retaliatory conduct sufficiently extreme and outrageous as to give rise to an action for intentional infliction of emotional distress." Welsh v. Commonwealth Edison Co., 306

Ill.App.3d 148, 154, 713 N.E.2d 679, 684 (1999). Rushing does not allege that she was coerced to take illegal action.

Furthermore, Rushing only indirectly alleges that one of the harassers, Mark Sztelle, had supervisory authority over her. The rest appear to be coworkers. See Doe v. Calumet City, 161 Ill.2d 374, 392, 641 N.E.2d 498 (1994) (level of severity distinguished by level of actual or apparent authority harasser has over plaintiff). Sztelle is only alleged to have questioned Rushing about her conversations with others and voiced concerns about those conversations. Although Rushing alleges that she experienced "mental and emotional anguish," she does not allege nor can the court infer from her Complaint that her emotional distress was "severe." Compl. ¶ 46. Therefore, Rushing cannot state a claim for IIED, and Rushing's IIED claim is dismissed.

The court next addresses Count IV, the claim for NIED. In Majca v. Beekil et al., 289 Ill.App.3d 760, 766, 682 N.E.2d 253, 257 (1997), the court stated that "[a]lthough it is true that for the tort of intentional infliction of emotional distress a plaintiff must show severe emotional distress, severity is not a requirement for negligent infliction of emotional distress." (internal citations omitted). In Corgan v. Muehling, 143 Ill.2d 296, 306, 574 N.E.2d 602 (1991), the court held that to recover for NIED, plaintiffs need only plead the elements of negligence. A "complaint for negligence, to be legally sufficient, must set out facts that establish the existence of a duty owed by the defendant

to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." Id. at 306, 574 N.E.2d at 606.

The issue before this court is whether Rushing alleges a duty owed to her that is not based exclusively in the IHRA. See Maksimovic at 516, 687 N.E.2d at 23. In Brackett, for example, the plaintiff "failed to properly allege the existence of a legal duty that was breached by the defendants" other than a contractual duty and therefore, the court affirmed the dismissal of the plaintiff's NIED claim. Brackett at 872, 689 N.E.2d at 410. In this case, Rushing fails to allege a separate legal duty other than duties arising out of the duty not to discriminate on the basis of pregnancy. The facts lead directly into a discussion of the defendant's duty not to discriminate on the basis of pregnancy. Furthermore, the court could not, based on the allegations in the Complaint, infer a separate, cognizable legal duty. As such, her claim for NIED is dismissed.

Finally, the court addresses Count V, which alleges constructive discharge. In Kelsay v. Motorola, Inc., 78 Ill.2d 172, 384 N.E.2d 353 (1978), the court recognized a cause of action for common law retaliatory discharge. However, in Scheller v. Health Care Service Corp., 138 Ill.App.3d 219, 225, 485 N.E.2d 26, 30 (1985), the court held that within the parameters of retaliatory discharge, "constructive discharge is not an actionable concept" because "[t]he common law doctrine that an employer may discharge an employee-at-will for any reason or for no reason is still the

law in Illinois, except for when the discharge violates a clearly mandated public policy." (citing Barr v. Kelso-Burnett Co., 106 Ill.2d 520, 525, 478 N.E.2d 1354, 1356 (1985).

In Hinthorn v. Roland's of Bloomington, Inc., 151 Ill.App.3d 1006, 1007, 503 N.E.2d 1128, 1129 (1987), the court refined the Scheller holding, stating that a cause of action for constructive discharge does exist "where an employee is forced to resign under express or implied threat of discharge." The employer in Hinthorn had ordered the plaintiff to sign a "voluntary resignation form," and the plaintiff knew she would be fired if she did not sign the form. Id. at 1006, 503 N.E.2d at 1128. The court distinguished Scheller because in Scheller the plaintiff had not been threatened but rather had experienced harassment which caused her to resign voluntarily. In Hinthorn, the court noted the importance for plaintiffs to have a remedy against an employer "threatening discharge, even by implication." Id. at 1007, 503 N.E.2d at 1129. In affirming the Appellate Court, the Illinois Supreme Court in Hinthorn, stated that it "wish[ed] to make abundantly clear that we are not now endorsing the constructive discharge concept rejected by the appellate court in Scheller." Hinthorn, 119 Ill.2d, 526, 531, 519 N.E.2d 909, 911 (1988).

In Grey at 941, 523 N.E.2d at 1141, the plaintiff requested that the court recognize a cause of action for constructive discharge, where the "employer 'forces' the employee to quit, rather than actually discharging him." The court refused, stating,

"we must follow the reasoning of Scheller, approved in Hinthorn." Id. at 942, 523 N.E.2d at 1143.

In this case, Rushing has not stated a claim for constructive discharge upon which relief can be granted. Similar to the plaintiff in Grey, although Rushing alleges that she was subject to harassment which caused her to resign, Rushing does not allege that the defendant threatened to discharge her or forced her to resign. See e.g., Compl. ¶ 29. Therefore, the constructive discharge claim is dismissed.

## CONCLUSION

THEREFORE, for the foregoing reasons, the defendant's motion to dismiss is GRANTED. Counts II, III, IV, V, and VII of the plaintiff's Complaint are dismissed.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: April 27, 2000